UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Derione O. Price,

       Case No. 22-cv-10884

    Plaintiff,

       Judith E. Levy
v.        United States District Judge

Brett Coney, *et al.*,    Mag. Judge David R. Grand

    Defendants.

_____/

## **OPINION AND ORDER DISMISSING COMPLAINT**

Michigan state prisoner Derione O. Price filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He is proceeding without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). Plaintiff names as Defendants eight Michigan Department of Corrections employees. He alleges violations of the Americans With Disabilities Act, 42 U.S.C. § 12131, *et seq.* (ADA), the Eighth Amendment, and his right to privacy. Plaintiff seeks injunctive and monetary relief.

As explained further below, the Court dismisses the complaint because it is frivolous and fails to state a claim upon which relief may be granted.

## I. Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to, on its own, dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the

2

action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## II. Factual Allegations

Plaintiff is presently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan. (ECF No. 9, PageID.62.) The events about which he complains occurred at the Macomb Correctional Facility (MRF) in Lenox Township, Michigan.

Plaintiff sues the following MRF employees: unit chief Brett Coney, assistant deputy warden Kristopher Steece, assistant mental health director David Stanifer, psychologist Karen Solgot, and mental health

3

providers Max Albeman, Andrea Owens, Cateeva Johnson, and FNU McCoy. He alleges that these Defendants failed to protect his rights under the Americans With Disabilities Act and the Eighth Amendment, and that they violated his right to privacy while he was in segregation.

Plaintiff's allegations focus on his treatment while housed in MRF's segregation unit. He alleges that several Defendants "coerced" him into speaking through the cell door about his mental health issues within earshot of other prisoners. (ECF No. 1, PageID.9.) Plaintiff's claims include that:

- On September 8, 2020, Defendant Ableman "coerced" Plaintiff into speaking with him about mental health issue, even though other inmates could hear them. (*Id.*)

- On October 26 and 28, 2021, while Plaintiff was in segregation on suicide watch, Defendant Owens, a mental health professional, ignored his request to speak to Owens in private about his mental health issues. (*Id.*) Plaintiff was removed from suicide watch on October 28, 2021.

- On February 11, 2022, Defendant B. Coney, a unit chief, spoke to Plaintiff while he was in segregation. Coney declined Plaintiff's

4

request to speak to him privately. Coney told Plaintiff he would send Plaintiff's therapist, Defendant McCoy, to speak to Plaintiff. (*Id.*)

- On February 17, 2022, Plaintiff told Defendant Cateeva Johnson that he needed to see his doctor because his medications were not working. Johnson said she would contact Plaintiff's therapist, but Plaintiff's therapist did not come to see him. (*Id.* at 10.)

- On February 22, 2022, Plaintiff again told Johnson that he needed to be seen by his therapist. Johnson declined to pull Plaintiff from his cell because of "the misconduct that [Plaintiff] had against her which is why [Plaintiff] was placed in segregation." (*Id.*) Johnson said she would let someone know Plaintiff needed to speak to a therapist, but no therapist came.

- On March 10, 2022, Defendant Albeman conducted rounds in the segregation unit. He declined to pull Plaintiff from his cell to allow Plaintiff to speak privately, but said he would return for a private consultation. Albeman did not return. (*Id.* at 11.)

- Plaintiff was without a private mental health consultation for more than thirty days when he was confined in segregation.

## III. Discussion

### A. Americans With Disabilities Act

Plaintiff alleges that Defendants violated his rights under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12132 *et seq*. Plaintiff appears to allege a violation of Title II of the ADA, 42 U.S.C. §§ 12131–12165, which applies to public entities.

In order to state a claim under Title II of the ADA, a plaintiff must establish: (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or was denied the benefits of the services, programs, or activities of a public entity; and (3) that such discrimination was because of his disability, *See* 42 U.S.C. § 12132. In the ADA, the term "disability" is defined as follows: "[1] a physical or mental impairment that substantially limits one or more of the major life activities of such individual; [2] a record of such an impairment; or [3] being regarded as having such an impairment ...." 42 U.S.C. § 12102(2).

Assuming that Plaintiff is disabled under the statute, his allegations do not state a claim under the ADA. Plaintiff alleges that he was denied mental health treatment in violation of the ADA but does not "allege that he was denied treatment *because* of his disability." *Centaurs*

6

*v. Haslam*, No. 14-5348, 2014 WL 12972238, at *1 (6th Cir. Oct. 2, 2014) (emphasis in original). A claim of inadequate medical care by a disabled prisoner does not necessarily raise a discrimination claim under the ADA. *See Cannon v. Eleby*, No. 98-1546, 1999 WL 507006, at *1 (6th Cir. June 10, 1999) ("[M]ere allegations of inadequate medical care do not raise a viable discrimination claim."); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("[The ADA] would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners.").

Plaintiff does not state a claim under the ADA because he fails to allege facts from which it could be inferred that the was because of his alleged disability.

### B. Right to Privacy

Plaintiff also argues that Defendants violated his right to privacy by repeatedly coercing him to speak about his mental health in a setting where he could be heard by other prisoners. "[T]he Constitution does not encompass a general right to nondisclosure of private information." *J.P. v. DeSanti*, 653 F.2d 1080, 1090 (6th Cir. 1981). Only when "fundamental" rights are implicated does a privacy concern take on constitutional dimensions. *Id.* The Sixth Circuit "has recognized an

7

informational-privacy interest of constitutional dimension in only two instances: (1) where the release of personal information could lead to bodily harm, and (2) where the information released was of a sexual, personal, and humiliating nature." *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (citations omitted)). The Sixth Circuit reasoned that constitutionalizing a harm that does not implicate a fundamental right "would be to open a Pandora's box of claims under 42 U.S.C. § 1983, a step we are unwilling to take." *Id.* at 445. The Sixth Circuit has rejected claims asserting a constitutional right to nondisclosure of personal information that does not fall within the two limited categories. *See e.g., Lee v. City of Columbus*, 636 F.3d 245, 261 (6th Cir. 2011) (city's requirement that employees returning from sick leave disclose the nature of their illness to their immediate supervisors does not implicate a fundamental right); *Barber v. Overton*, 496 F.3d 449, 455–57 (6th Cir. 2007) (release of guards' birth dates and social security numbers did not rise to constitutional level); *Coleman v. Martin*, 63 F. App'x 791, 793 (6th Cir. 2003) (distribution of prisoner's mental health records to parole board was not a constitutional violation).

Plaintiff does not claim that discussing his mental health within

8

earshot of other prisoners placed him in danger of physical harm or that the information was sexual and humiliating in nature. His allegations, then, do not raise an informational privacy concern of a constitutional dimension.

## C. Eighth Amendment

Plaintiff next argues that Defendants violated the Eighth Amendment by failing to treat his mental illness in a non-negligent manner.

"[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citation omitted) (internal quotation marks omitted). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Id.* at 348. "'Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment.'" *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987)).

An Eighth Amendment conditions-of-confinement claim has both a

9

subjective and objective component. *Id.* The objective component requires a plaintiff to show that the deprivations to which he has been subjected deprived him of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347 (1981). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The Sixth Circuit has held that "[a] detainee's psychological needs may constitute serious medical needs, especially when they result in suicidal tendencies." *Horn by Parks*, 22 F.3d at 660 (6th Cir. 1994). For the purposes of this analysis, the Court will assume that Plaintiff's mental health issues satisfy the objective component of his Eighth Amendment claim.

When a plaintiff satisfies the objective component, he must then demonstrate that the defendant possessed a sufficiently culpable state of mind:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be

10

> drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837 (1994). To satisfy this part of the analysis, Plaintiff must demonstrate that Defendants acted with "deliberateness tantamount to intent to punish." *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005). Negligence will not suffice, *Perez v. Oakland County*, 466 F.3d 416, 431 (6th Cir. 2006), and an "[a]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation," will not support a claim of deliberate indifference. *Farmer*, 511 U.S. at 838.

The Sixth Circuit distinguishes between cases where a prisoner alleges the complete denial of medical care and cases where a prisoner received treatment which he alleges was inadequate. *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2001). Where medical treatment has been provided, a prisoner must show that his treatment was "so woefully inadequate as to amount to no treatment at all." *Id.*

It is clear from his complaint that Plaintiff received treatment. He was given medication for his mental health issues, confined in segregation so he could be placed on suicide watch, and visited by mental health providers. Plaintiff disagrees with the manner and degree of

11

treatment provided, but this is insufficient to show that his treatment amounted to no treatment at all. Even if the treatment Plaintiff received was negligent, this does not give rise to an Eighth Amendment claim. *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) ("When a [medical professional] provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation.").

Accordingly, Plaintiff fails to state an Eighth Amendment claim upon which relief may be granted.

## III. Conclusion

For the reasons stated, Plaintiff fails to state a claim upon which relief may be granted. Accordingly, the Court dismisses the complaint with prejudice. The Court also concludes that an appeal from this order cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

Dated: January 18, 2023　　　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 18, 2023.

                                         s/William Barkholz
                                         WILLIAM BARKHOLZ
                                         Case Manager